IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MATTHEW MCDONALD,** | : | **CIVIL NO. 1:13-CV-0117** |
| **Plaintiff** | : | |
| | : | **(Judge Rambo)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant** | : | |

# M E M O R A N D U M

Before the court is a report filed by Magistrate Judge Carlson in which he recommends that Plaintiff's motion to reopen the captioned case and a motion for summary judgment be denied. No objections to the report and recommendation have been filed; however, this court has made a determination that a remand to the magistrate judge is necessary to further develop the record. Therefore, for the reasons set forth herein, the report and recommendation will be rejected.

Plaintiff is a federal prisoner who was previously incarcerated at the United States Penitentiary at Canaan, Pennsylvania. While incarcerated, Plaintiff, along with numerous other inmates, contracted salmonella poisoning, and was one of many inmates who filed a Federal Tort Claim against the United States, pursuant to 28 U.S.C. § 2401, *et seq.* and 28 U.S.C. § 2675, *et seq.* As part of a mediation program, the case was settled. Plaintiff's motions *sub judice* seek enforcement of the settlement agreement and seek disbursal of payments owed.

Pursuant to 31 C.F.R. § 3716, and 31 C.F.R. § 285.5(a)(1), the United States Treasury has statutory authority to collect delinquent non-taxable debts owed to other federal agencies. Debts owed to federal, state, or local governments are subject to administrative offset and payments made from the Judgment Fund to

satisfy awards are statutorily required to be offset pursuant to 31 U.S.C. § 3728 and 31 U.S.C. § 3716.

Defendant, in its response, notes that "due to privacy considerations, the Treasury cannot disclose the precise nature of these offset obligations to the defendant." (Doc. 34.)  The court is hard-pressed to find a more preposterous or less convincing excuse.  Whose privacy consideration are being protected?  The inmate waives any privacy interest when he requests the identity of the debt being paid off with his money.  Any debt that is being paid off is, in all probability, of public record.  In any event, Plaintiff's right to know where his assets are being applied supercedes any privacy considerations asserted by Defendant.

Defendant argues that any aggrieved inmate or plaintiff may reach out directly to the Treasury at (800) 304-3107.  This is not practical for an inmate who may have limited telephone calls in number or duration.  A similar case, *O'Halloran v. United States*, No. 1:13-CV-0344 (M.D. Pa.), involved a plaintiff who was also directed to contact "Judgment Fund Branch, Financial Management Service, U.S. Department of Treasury, 3700 East West Highway, Room 6E15, Hyattsville, MD 20782," for information regarding the identity of the creditor agency and amount of debts to which his settlement monies were being applied.  The plaintiff's inquiry produced a response limited to directing him to call the Treasury's "800" telephone number or seek information of the Treasury offset program through a website.  (*See* Exhibit A attached hereto.)  The court found this process insufficient to ensure that the plaintiff received due process through the administrative offset procedures and remanded the matter for a determination of whether Plaintiff had otherwise been provided with adequate information.

Defendant cites to *United States v. Beulke*, 892 F. Supp. 2d 1176, 1187 (D.S.D. 2012) and argues that persons who are dissatisfied with the application of a Treasury offset may pursue "administrative procedure[s] 'established by statute and administered under implementing regulations, which provide due process to debtors against whom offset is sought.'" However, this leaves a very troubling question: How can one pursue administrative remedies when he does not know the amount of the debt and to whom it is owed?

If the debt attributed to Plaintiff is to a federal agency, 31 U.S.C. § 3716(a) (1-4) requires that the creditor agency, *i.e.,* the federal agency that is owed a claim or debt that seeks to collect the debt through offset of federal payments, must notify the debtor of the following:

> (1) written notice of the type and amount of the claim, the intention of the head of the agency to collect the claim by administrative offset, and an explanation of the rights of the debtor under this section;
>
> (2) an opportunity to inspect and copy the records of the agency related to the claim;
>
> (3) an opportunity for a review within the agency of the decision of the agency related to the claim; and
>
> (4) an opportunity to make a written agreement with the head of the agency to repay the amount of the claim.

Title 31 U.S.C. § 3716(a), (c)(6) requires that a debtor be provided an opportunity to dispute the debt or make arrangements to pay it.  However, it is axiomatic that one cannot dispute a debt of which he has no knowledge.  The effectiveness of the above procedural processes require knowledge of the amount of the debt and to whom it is owed.

In *McCarty v. Astrue*, 505 F. Supp. 624 632 (N.D. Cal. 2007), the Treasury Department sent the plaintiff notice of the *amount* and *type* of debt he owed, notice of the Treasury's intention to collect the debt by offsetting his EAJA award, and the rights available to him to challenge the administrative offset. It appears that concerns of privacy in *McCarthy* did not prohibit the Treasury from advising the debtor of the amount of the debt and the agency to whom it was owed. Furthermore, 31 C.F.R. § 285.5(g)(3) requires that when an offset occurs, the payee shall be notified in writing of the following, *inter alia*: (1) that an offset has occurred; (2) a description of the payment; (3) the amount debt subject to offset; and (4) the identity of the creditor agency requesting the offset.

Until the court is satisfied that Plaintiff has been provided with the notices required for a Treasury offset, the court will defer ruling on the report and recommendation and will remand the matter to Chief Magistrate Judge Carlson for a determination of whether such required notices have been given to Plaintiff by Defendant, along with proof of same. An appropriate order will be issued.

                                                   s/Sylvia H. Rambo
                                                   SYLVIA H. RAMBO
                                                   United States District Judge

Dated: April 7, 2014.